IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JARON WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-048 |
| | ) | (Formerly CR 114-030) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 because Petitioner's conviction became final in 2014, the motion was not filed until 2016, and Johnson v. United States, 135 S. Ct. 2551 (2015) does not apply to re-start the one-year limitations period.

Although Johnson is retroactive to cases on collateral review, the R&R concluded that Johnson does not apply to Petitioner's case because Petitioner was not sentenced under the residual clause of the Armed Career Criminal Act ("ACCA") invalidated in Johnson, but instead Petitioner was sentenced under 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. no. 2, p. 4.) Since the R&R, the Eleventh Circuit has indicated that Johnson's applicability to § 924(c) is currently an open question. In re Pinder, No. 16-12084-J, 2016 WL 3081954, at *2, 4 (11th Cir. June 1, 2016) ("In short, the law is unsettled on whether the rule announced in Johnson

invalidates Pinder's sentence [under 924(c)]."). But even if Johnson does apply to the residual clause in § 924(c), Petitioner is still not entitled to relief because he qualifies for a § 924(c) enhancement under the "use-of-force" clause in § 924(c).

Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during an in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is commonly referred to as the use-of-force clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

Although whether Johnson applies to § 924(c)'s residual clause is an open question, the Eleventh Circuit has determined that a Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). In re Fleur, No. 16-12299-J, 2016 WL 3190539, at *4 (11th Cir. June 8, 2016). Accordingly, even if Johnson applies to § 924(c)(3)(B)'s residual clause, a petitioner's companion conviction for Hobbs Act robbery forecloses any possibility of relief under Johnson. See id.

Here, in addition to pleading guilty to using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Petitioner pled guilty to and was convicted of Hobbs Act robbery. (Doc. no. 2, pp. 1-2.) In the indictment,

Petitioner was charged with "knowingly and unlawfully tak[ing] and obtain[ing] property . . . from the presence of a person . . . against her will, and by means of actual and threatened force, violence, and fear of injury to her person, by brandishing a firearm and demanding money . . . in violation of Title 18, United States Code, Sections 1951 and 2." CR 114-030, doc. no. 1, p. 4. Consequently, even if Johnson invalidates § 924(c)'s residual clause, Petitioner's conviction for Hobbs Act robbery qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A). See In re Colon, 2016 WL 3461009 at *3 (holding aiding and abetting Hobbs Act robbery meets use-of-force clause of crime of violence under § 924(c)(3)(A)); In re Fleur, 2016 WL 3190539, at *4 (holding actual commission of Hobbs Act robbery meets use-of-force clause of the definition of crime of violence under § 924(c)(3)(A)).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** without prejudice Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has

3

failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1]

Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 4th day of August, 2016, at Augusta, Georgia.

---

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

4